UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN CHEWENS,

           Plaintiff,

v.

LIBERTY CENTRAL SCHOOL DISTRICT,

           Defendant.

**CONSENT DECREE**

No. 24 Civ. 5754 (PMH)

---

WHEREAS, Plaintiff John Chewens ("Chewens") commenced this action in the United States District Court for the Southern District of New York, by complaint filed on July 30, 2024 (the "Complaint"), alleging that defendant Liberty Central School District ("Liberty") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by refusing to compensate Chewens at the proper rate of pay because of his absence from the school during a military deployment; and

WHEREAS, as a result of settlement discussions, Chewens and Liberty have agreed that this action should be settled by entry of this Consent Decree ("Decree"), and it is the intent of the parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### STIPULATED FACTS

1.    Pursuant to USERRA, the parties acknowledge jurisdiction of the United States District Court for the Southern District of New York over the subject matter of this action and of

the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

2. Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree. Liberty agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

3. Chewens was a member of the United States Army National Guard at all times relevant to the allegations in the Complaint.

4. Liberty denied a salary step increase for the 2018-2019 school year to Chewens because he did not work at Liberty for at least five months during the preceding school year because he we deployed in connection with his military service. As a result, Chewens was paid less than he otherwise would have earned in the 2018-2019 school year and subsequent years.

5. Chewens resigned from his position at Liberty, effective August 31, 2024.

**REMEDIAL REQUIREMENTS**

6. Liberty is hereby enjoined from violating any provision of USERRA including, but not limited to, the provisions prohibiting Liberty from taking any action against a person that constitutes retaliation or interference with the exercise of such person's rights under USERRA or because such person gave testimony or assistance or participated in any manner in an investigation or proceeding.

7. Liberty shall, within thirty (30) days from the date of entry of this Decree, pay Chewens a total settlement payment of $10,000, which includes $5,992.04 in back pay, less those employee tax withholdings and employee contributions as required by law or the terms of the applicable collective bargaining agreement between Liberty and the Liberty Faculty Association ("LFA"), which Liberty shall remit to the appropriate governmental agencies, or the LFA, or

applicable employee benefit plan on behalf of Chewens. Liberty shall separately pay to the appropriate governmental agencies the appropriate employer's contributions due on the $5,992.04 in back pay and shall not deduct the amount of its contributions from any part of settlement payment to Chewens. Chewens shall supply a W-9 tax form to the District with the executed copy of this Agreement. Liberty shall supply a 1099 form to Chewens for the $4,007.96 remainder of the settlement payment. Chewens shall be solely responsible for any federal and state income taxes due on such remainder of the settlement payment.

8. Liberty shall pay the required amount by mailing a check payable to "John Chewens" in the gross amount of $10,000, minus the employee withholdings and deductions set forth in paragraph 7, to the following address:

>   Mark Osmond
>   United States Attorney's Office
>   Southern District of New York
>   86 Chambers Street, 3rd Floor
>   New York, New York 10007

9. In consideration of the relief being provided to him as described in paragraphs 7 and 8 of this Decree, Chewens releases and discharges Liberty from the claims identified in the Complaint filed in this case and the complaint Chewens filed with the Department of Labor, complaint number NY-2022-00053-20-G ("DOL Complaint"). This release and discharge of claims is subject only to Liberty's compliance with the terms of this Decree.

### REQUIREMENT TO IMPLEMENT A POLICY FOR EMPLOYEE SALARY FOLLOWING RETURN FROM MILITARY LEAVES OF ABSENCE

10. No later than seven (7) days from the entry of this Decree, Liberty will communicate to Liberty's superintendent, assistant superintendent, school business official, human resource professionals, and accountant (collectively, "Executive and Administrative Staff") the following message:

> The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") prohibits employers from discriminating against military service members in employment and hiring. USERRA also guarantees that service members whose employment is interrupted by more than 90 days of military service are, upon their return to the employer, paid at the same rate that they would have earned absent their military service. Even if an employee would not otherwise be eligible to advance a step in the salary schedule because of an absence, the employee must receive a step increase if the employee's absence is due to his or her military service.

11. Liberty must require that all Executive and Administrative Staff, as defined in paragraph 10, confirm in writing that they have read and understand this message, and Liberty must retain these written confirmations for at least three (3) years.

12. Within sixty (60) days from the entry of this Decree, Liberty will adopt or amend a Board of Education policy which includes the statement in paragraph 10 of this decree, and will also provide a copy to Chewens by email to Mark.Osmond@usdoj.gov.

## DISPUTE RESOLUTION AND COMPLIANCE

13. The Court shall retain jurisdiction to enforce this Decree. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. The parties shall be required to give notice to each other twenty (20) business days before moving for review by the Court.

14. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

15. If any provision of this Decree is found to be unenforceable, only the specific provision in question shall be affected and the other provisions will remain in full force and effect.

16. The terms of this Decree are and shall be binding upon the present and future directors, employees, agents, administrators, heirs, successors, representatives, and assigns of Liberty and the heirs, successors, and assigns of Chewens.

17. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in writing signed by Chewens and Liberty.

## EFFECTIVE DATE

18. The effective date of this Decree shall be the date upon which it is entered by the Court.

19. This Decree shall expire, and this action shall be dismissed with prejudice, without further order of this Court three (3) years after entry of this Decree.

Respectfully submitted this 13 day of November, 2024.

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff*

By: _____
MARK OSMOND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2713
Email: Mark.Osmond@usdoj.gov

_____
JOHN CHEWENS
Plaintiff

WHITEMAN OSTERMAN & HANNA LLP
*Attorneys for Defendant*

By: _____
MONICA R. LENAHAN
One Commerce Plaza
Albany, New York 12260
Tel.: (518) 487-7764
Email: mlenahan@woh.com

LIBERTY CENTRAL SCHOOL DISTRICT
*Defendant*

By: _____
DR. PATRICK SULLIVAN
Superintendent of Schools
115 Buckley Street
Liberty, New York 12754
Tel.: (845) 292-6990
Email: psullivan@libertyk12.org

The clerk of the Court is directed to close the case.

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2024
~~New York,~~ New York
White Plains